UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JACKIE ALLEN TOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16CV00004 SNLJ |
| | ) | |
| BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

and

| | | |
|---|---|---|
| JACKIE ALLEN TOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16CV00023 SNLJ |
| | ) | |
| NAVISTAR INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

These cases are before the Court on plaintiff's "Motion for Leave for Voluntary Dismissal Without Prejudice," filed in each case. Defendants oppose the motions. Because the issues presented are the same in each case, and because each case, in general, involves the same circumstances, the cases are consolidated for the limited purpose of addressing the motions.

Both cases were initially filed by plaintiff, pro se, in the Circuit Court of Mississippi County, Missouri, seeking damages based on products liability arising from a

motor vehicle accident that occurred in that county on January 19, 2004.  The case against defendant Bendix was filed on October 26, 2015 and removed to federal court on January 7, 2016; the case against defendant Navistar was filed on November 23, 2015 and removed to federal court on February 5, 2016.

As alleged in each case, and giving a liberal reading to the respective state court petitions, plaintiff states he was driving a 1995 Navistar International tractor when the brakes failed preventing him from stopping at an intersection and causing a collision with the vehicle of a young woman who tragically died in the crash.  Plaintiff is not seeking damages for any injury he suffered in the crash, but rather for damages stemming from his incarceration for charges of manslaughter for causing the accidental death.  The charges were eventually dismissed by the prosecuting attorney after plaintiff was jailed from May 2013 until September 2013 awaiting trial (apparently plaintiff was incarcerated on other charges from shortly after the 2004 accident until 2013).  Plaintiff claims that the accident would not have occurred, nor his subsequent incarceration, but for a defective treadle valve   --  the mechanism that controlled braking on his International tractor  --  that was manufactured and sold by defendant Bendix and incorporated in tractors manufactured and sold by defendant Navistar.  Each defendant has now filed a motion to dismiss for failure to state a claim based on the running of Missouri's five-year statute of limitations for products liability suits, Sec. 516.120(4) RSMo.

On March 18, 2016, counsel entered his appearance on behalf of plaintiff in both cases and simultaneously filed the motions for dismissal without prejudice.  The basis for

the motions is that plaintiff "was unable to secure legal representation prior to March 18," and that the motions "[are] not being filed solely to avoid a potentially adverse decision on pending dispositive motions, but instead, to allow his newly retained counsel to adequately perform a thorough investigation into the legal and factual aspects of Plaintiff's case and then act accordingly on his behalf." Counsel adds that the granting of the motions "will not result in the waste of judicial resources as the case is very early in its procedural posture with little to no discovery having been conducted at this time," and that there would be "no undue prejudice" to defendants by granting the motions.

To the contrary, defendants maintain that the motions should be denied because they are indeed designed to avoid an adverse decision on the statute of limitations issue, that plaintiff has had ample time to investigate the legal and factual aspects of the case, that plaintiff has demonstrated excessive delay and lack of diligence in prosecuting the action, that dismissals would indeed be a waste of judicial resources, and that defendants would otherwise be prejudiced by the dismissals.

It is well settled that, "[a] decision whether to allow a party to voluntarily dismiss rests upon the sound discretion of the court." *Hamm v. Rhone-Pulenc Roer Pharmaceuticals, Inc.*, 187 F.3d 941, 950 (8th Cir.1999). Further, in exercising its discretion, "a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Id*. (internal citation omitted.) "Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id*.

3

The parties here focus primarily on the question of whether plaintiff is seeking to avoid an adverse ruling on the statute of limitations issue. Defendants' position is that the statute ran on January 7, 2009, five years after the date of the accident on January 7, 2004. On the other hand, plaintiff contends that the statute did not run until the time of his incarceration for manslaughter in 2013 because only then did his damages accrue and were capable of ascertainment. In support, plaintiff cites the Missouri accrual statute, which provides:

> …the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

Sec. 516.100 RSMo.

Without deciding the limitations issue on its merits, suffice it to say that plaintiff has at least made an arguable, good faith claim that the statute did not run. Accordingly, it is not at all clear that this is a case in which plaintiff seeks dismissal solely to avoid an adverse decision, as defendants contend.

The other factors involved in this Court's discretionary call, though perhaps less important than the limitations issue, also play in favor of plaintiff. By dismissing and refiling the lawsuits, plaintiff's counsel will be able to appropriately frame the pleadings and properly structure the claims more precisely, and also consolidate the claims in a single lawsuit against the two defendants. This Court agrees with plaintiff that, "[i]n so doing, judicial resources will be conserved  --  not wasted  --  and dismissal will not prejudice the defendants." And as noted, the cases are very earlier in the process of

litigation, and no discovery has been exchanged. In these respects, all in all, plaintiff has given a proper explanation for his desire to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave for Voluntary Dismissal Without Prejudice [ECF 21] in case number 1:16CV00004 is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave for Voluntary Dismissal Without Prejudice [ECF 9] is **GRANTED.**

**SO ORDERED** this 15th day of April, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE